UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE BURNEY HALL,

        Petitioner,               Case Number 09-13831
                                                         Honorable David M. Lawson

v.

BLAINE LAFLER,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a petition for a writ of habeas corpus on September 29, 2009. On March 14, 2013 the Court filed an opinion and order determining that the petitioner's right to present a defense was not violated and the petitioner had not received ineffective assistance of trial or appellate counsel. On that basis, the Court entered judgment against the petitioner. On the same date, the Court entered an order denying a certificate of appealability on all of the petitioner's claims.

On April 15, 2013, the petitioner filed a motion for a certificate of appealability. The Court will treat the petitioner's motion as a motion for reconsideration under Local Rule 7.1. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The Court concludes that the petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). In his motion, the petitioner argues that a reasonable jurist could disagree whether he was denied the effective assistance of counsel or the right to present a defense by the trial court's refusal to permit defense counsel to cross-examine the victim's mother about a letter written by her daughter that allegedly identified another man as the person who shot the victim. The Court denied those claims in part because the petitioner had not presented any evidence, such as a copy of the letter or a witness affidavit, that could demonstrate that the trial court's ruling violated the petitioner's constitutional rights. In his motion, the petitioner states that he could produce either the letter or a witness affidavit in support of his claim. However, the petitioner still has not presented that evidence. To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). The Court finds that the petitioner has not demonstrated that the Court's conclusion that reasonable jurists could not debate whether the petitioner's right to present a defense was violated or the petitioner received ineffective assistance of trial or appellate counsel was based on a palpable defect. Therefore, the Court will deny the petitioner's motion.

Accordingly, it is **ORDERED** that the petitioner's motion for a certificate of appealability, construed as a motion for reconsideration [dkt. #15] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 17, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 17, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---